1  GREGORY C. CHENG, CA Bar No. 226865
   gregory.cheng@ogletree.com
2  BRIAN D. BERRY, CA Bar No. 229893
   Brian.Berry@ogletree.com
3  LAUREN M. COOPER, CA Bar No. 254580
   lauren.cooper@ogletree.com
4  OGLETREE, DEAKINS, NASH, SMOAK &
     STEWART, P.C.
5  Steuart Tower, Suite 1300
   One Market Plaza
6  San Francisco, CA  94105
   Telephone:    415.442.4810
7  Facsimile:    415.442.4870

8  Attorneys for Defendant
   SHUTTERFLY, INC.
9

10                      **UNITED STATES DISTRICT COURT**

11                      **NORTHERN DISTRICT OF CALIFORNIA**

12

| 13 MEGAN TAYLOR, an individual on behalf of herself, and on behalf of all those similarly situated, | Case No. |
|---|---|
| 14 | **DEFENDANT SHUTTERFLY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| 15             Plaintiff, | |
| 16       vs. | *[Santa Clara County Superior Court Case No. 17CV320338]* |
| 17 SHUTTERFLY, INC.; and DOES 1 through 50, inclusive, | |
| 18             Defendants. | *[Filed Concurrently with Certificate of Interested Parties; Disclosure Statement; and Civil Cover Sheet.]* |
| 19 | |
| 20 | Complaint Filed: December 12, 2017<br>Trial Date:      None Set |

                                                                    Case No.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Shutterfly, Inc. ("Defendant") hereby removes the above-captioned action filed by Plaintiff Megan Taylor ("Plaintiff") from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, 1446 and 1453. Defendant does so on the grounds that: (1) there are at least 100 class members in the purported class; (2) the amount in controversy exceeds the jurisdictional minimum; (3) diversity of citizenship exists between Plaintiff and Defendant; and (4) the foregoing facts were true when Plaintiff filed her complaint and remain true as of this filing.

**I.   THE STATE COURT ACTION.**

1.  On December 12, 2017, Plaintiff filed a Complaint in the Superior Court of California, County of Santa Clara, captioned *Megan Taylor, an individual on behalf herself, and on behalf of all those similarly situated v. Shutterfly, Inc., and Does 1 through 50, inclusiv*e, case number 17CV320338. The Complaint purports to assert claims for: (1) False Advertising (California Business & Professions Code §§ 17500, *et seq.*); (2) Violation of the Consumers Legal Remedies Act (California Civil Code §§ 1750); (3) Breach of Contact; (4) Fraud, Deceit and/or Misrepresentation and (5) Unfair, Unlawful and Deceptive Trade Practices (California Business & Professions Code §§ 17200, *et seq.*).

2.  Shutterfly, Inc. was served with the Complaint on December 12, 2017. A true and correct copy of the filed Complaint, Summons, and Civil Case Cover Sheet is attached to this Notice of Removal ("Notice") as **Exhibit A**.

**II.   VENUE.**

3.  The Superior Court of California, County of Santa Clara, is located within the territory of the Northern District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. §84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY PURSUANT TO THE CLASS ACTION FAIRNESS ACT.

4.  Based on Defendant's investigation of the relevant records, this Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) and accordingly, Defendant may remove this action pursuant to 28 U.S.C. § 1441.  Original jurisdiction exists here because there are at least 100 class members in the proposed class, the combined claims of all class members exceed $5,000,000, and Defendant is a citizen of a different state than at least one class member.

### IV. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

#### A. Timeliness.

5.  As required by 28 U.S.C. §1446(b), the original Notice was filed within 30 days after Defendant was first served with a copy of the Summons and Complaint.

#### B. Procedural Requirements.

6.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are exhibits to this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a "Notice to Plaintiff and Clerk of the California Superior Court of Removal of Civil Action to United States District Court" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court for the County of Santa Clara, and served on all other parties to this action.

### V. THE CASE IS REMOVABLE PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA").

7.  As set forth below, Plaintiff's claims alleged in the Complaint are removable under 28 U.S.C. § 1332(d).

8.  Under CAFA, the Federal District Court has jurisdiction if:

   a.   There are at least 100 class members in the proposed plaintiff class;

   b.   The combined claims of all class members exceed $5,000,000; and

   c.   Any class member (named or not) is a citizen of a different state than any

defendant. (28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).)

9. In its recent decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014), the U.S. Supreme Court provided significant clarification to the standards applicable to notices of removal in CAFA cases, establishing a much more liberal standard in favor of removing defendants. In *Dart Cherokee*, the U.S. Supreme Court held that a removal must only contain "a short and plain statement of the grounds for removal." *Id.* at 553 (quoting 28 U.S.C. § 1446(a)). The Court noted that this same language is used for the pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* The use of this language in the removal statute was intentional—clearly indicating that courts should apply the same liberal pleading standards to notices of removal as they should to plaintiffs' complaints and other pleadings. *Id.* The Court further held that a removing defendant need not submit evidence with its pleading that establishes that the elements of federal subject matter jurisdiction are met. *Id.* at 552-53. Only if the court or another party challenges jurisdiction should the court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. *Id.* at 553-54. The Court summarized its holding as follows: "[i]n sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. Also, there is no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

**A.  There Are At Least 100 Class Members In The Proposed Plaintiff Class.**

10. Plaintiff has alleged a putative class (the "Plaintiff Class") of "All persons who, between December 8, 2013 and the present, purchased in the United States a deal on the Groupon website for a dollar amount towards a purchase on the Shutterfly website". Complaint at ¶ 28. Plaintiff's Complaint further alleges that the purported Plaintiff's Class is composed of more than 10,000 persons. Complaint at ¶ 30. Therefore, the number of putative class members exceeds the 100 individuals and the first requirement for CAFA jurisdiction is satisfied.

**B.     The Combined Claims Of All Class Members (the "Amount in Controversy") exceeds $5,000,000.**[1]

11.     With respect to CAFA's $5,000,000 threshold for the "amount in controversy," it is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.,* 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, a court must "assume that all the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendant will actually owe. *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). In other words, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010)(citing *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). "The amount in controversy is determined by the universe of what the plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, Inc.,* 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010). To establish the amount in controversy, a defendant "need not concede liability for the entire amount," and it is error for a district court to require such a showing. *Lewis,* 627 F.3d at 400; *see also Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

12.     Plaintiff's Second Cause of Action for violation of the CLRA is alone sufficient, as pleaded, to satisfy the amount in controversy threshold. Specifically, Plaintiff alleges that Defendant violated the CLRA by representing on the Groupon website that Shutterfly would provide customers with a credit to be used on the Shutterfly website in the future when it did not. Complaint at ¶¶ 47-51. As a result, Plaintiff seeks actual monetary damages on behalf of each

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case, including the proffered methodology for such calculations.

1 Class Member in the amount of at least $1,000.00, and in the case of each Class Member who is a
2 disabled person or senior citizen an award of $5,000.00. Complaint at ¶ 54. Accepting Plaintiff's
3 allegations in the Complaint as true, including her allegation that the class consists of at least
4 10,000 people, the aggregate amount in controversy under Plaintiff's Second Cause of Action is at
5 least **$10,000,000.00**, well above the CAFA threshold of $5,000,000.00.

6       13.       Plaintiff's First and Fifth Causes of Action allege that during the purported Class
7 Period (i.e., December 8, 2013 to the present), Defendant made untrue, false, deceptive and/or
8 misleading statements in connection with the advertising and marketing of various Groupon
9 promotions in the United States, in violation of California Business & Professions Code §§ 17200,
10 *et seq.* and 17500, *et seq.* Complaint at ¶¶ 37-45, 74-82. Specifically, Plaintiff alleges that she and
11 the putative Class Members relied to their detriment on Defendants' allegedly false representations
12 that they would receive a dollar credit, gift card, coupon or other voucher when they purchased one
13 of various Shutterfly deals from the Groupon website. Complaint at ¶¶ 39-40, 78. Plaintiff
14 contends that Shutterfly fraudulently induced her and the putative Class Members into purchasing
15 Shutterfly Groupon deals with the belief that, in exchange, they would receive a dollar credit, gift
16 card, coupon or other voucher that could be combined with any other promotions or sales,
17 including free shipping coupons, offered on the Shutterfly website. *Id*. Plaintiff alleges that
18 monetary value or savings of the promotional deals offered ranged between $20.00 per deal on the
19 low end and $75.00 per deal on the high end. Complaint at ¶¶ 20-21.

20       14.       As a result, Plaintiff alleges that she and the putative class members are entitled to
21 restitution of monies acquired by Defendant as a result of its alleged unfair business practices.
22 Complaint at ¶¶ 44, 81, Prayer for Relief. Plaintiff seeks such "restitution" for a time period from
23 three (3) years prior to the filing of the Complaint on December 12, 2017. However, Plaintiff
24 alleges that the liability period on such claims is effectively extended to four (4) years pursuant to
25 her Fifth Cause of Action based on California Business & Professions Code §§ 17500, *et seq.*
26 Complaint at ¶ 75.

27       15.       Defendant has made a reasonable determination that, given these allegations,
28 Plaintiff's claims for restitution, standing along, exceed the $5,000,000 amount in controversy

threshold.

16. Further, Plaintiff seeks attorneys' fees for each asserted Cause of Action. Complaint, Prayer for Relief. It is well settled that a court should consider attorneys' fees when considering whether a complaint meets the amount in controversy requirement. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that attorneys' fees must be included in determining the amount in controversy in CAFA removal actions); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation…" for CAFA purposes). A reasonable estimation of Plaintiff's attorney fees at 25% of the amount in controversy under Plaintiff's First through Fifth Causes of Action pushes the total amount in controversy even higher. As a result, Shutterfly is informed and believes that this additional claim for relief will independently, or in combination with the requested monetary relief, exceed $5,000,000.00.

17. Moreover, Plaintiff seeks punitive damages under her Fourth Cause of Action. Complaint at ¶¶ 71-72, Prayer for Relief. It is well settled that a court should take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable by state law. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also*, *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp .2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damage award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). As a result, Shutterfly is informed and believes that this additional claim for relief will independently, or in conjunction with the requested relief set forth above, well exceed the threshold jurisdictional minimum of $5,000,000.00.

18. Thus, although Defendant denies that Plaintiff and the putative class are entitled to any relief, accepting Plaintiff's claims as true, the $5,000,000.00 jurisdictional requirement for CAFA removal is easily satisfied.

**C.     There is Diversity Between At Least One Class Member And Defendant.**

19.     To find diversity under CAFA, this Court need only find that there is diversity between one putative class member and one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

20.     Defendant is informed and believes that at all relevant times, Plaintiff was, at the time of the filing of this action, and still is, a resident of the State of Illinois. Complaint at ¶ 2. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley v. Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

21.     Plaintiff alleges that Defendant Shutterfly is a Delaware corporation with its headquarters and principal executive offices at 2800 Bridge Parkway, Redwood City, California 94065. Complaint at ¶ 3. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's headquarters is presumptively the location of its "principal place of business…." *Hertz v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("[I]n practice [a company's principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, i.e., the 'nerve center'"….)

22.     For the purposes of federal diversity jurisdiction, Defendant is a citizen of Delaware and California, and Plaintiff is an Illinois resident. Complaint at ¶¶ 2-3. Therefore, the minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because Defendant is a citizen of Delaware and California while Plaintiff is a citizen of Illinois.

23.     A preliminary investigation by Defendant shows that this action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3) and (d)(4). As such, the third requirement for CAFA jurisdiction is satisfied.

**VI.    INTRADISTRICT ASSIGNMENT.**

24.     Pursuant to Local Rule 3-2(e), Removal and Intradistrict Assignment to the San Jose Division of this Court is proper because the alleged acts and occurrence arose in the County of Santa Clara.

## VII. CONCLUSION.

25.     Because this civil action is between citizens of different states, the matter in controversy exceeds $5 million, exclusive of interest and costs, and the putative class contains at least 100 members, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

26.     If this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so Defendant may submit a more detailed brief and/or explanation outlining the bases for removal.

DATED:  January 11, 2018                         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Brian D. Berry*
GREGORY C. CHENG
BRIAN D. BERRY
LAUREN M. COOPER
Attorneys for Defendant
SHUTTERFLY, INC.

32573435.5

DEFENDANT SHUTTERFLY, INC.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT