# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)



ENDORSED SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2017 DEC 12 P 2: 43

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY _____ DEPUTY
K. Ross

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Shutterfly, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Megan Taylor, ~~[redacted]~~, an individual, on behalf of herself, the general public, and those similarly situated

NOTICE! You have been sued The court may decide against you without your being heard unless you respond within 30 days Read the information below
You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff A letter or phone call will not protect you Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), your county law library, or the courthouse nearest you If you cannot pay the filing fee, ask the court clerk for a fee waiver form If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court
There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program You can locate these nonprofit groups at the California Legal Services Web site (www lawhelpcalifornia org), the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), or by contacting your local court or county bar association NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case The court's lien must be paid before the court will dismiss the case
¡AVISO! Lo han demandado Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión Lea la información a continuacion
Tiene 30 DÍAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante Una carta o una llamada telefónica no lo protegen Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte Es posible que haya un formulario que usted pueda usar para su respuesta Puede encontrar estos formularios de la corte y más informacion en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exencion de pago de cuotas Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar a un servicio de remision a abogados Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniendose en contacto con la corte o el colegio de abogados locales AVISO Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 ó mas de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso

| | |
|---|---|
| The name and address of the court is.<br>*(El nombre y direccion de la corte es)*<br>Santa Clara Superior Court, 191 N. First St , San Jose, CA 95113 | CASE NUMBER:<br>*(Numero del Caso)*<br>17CV320338 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de telefono del abogado del demandante, o del demandante que no tiene abogado, es)*
Seth Safier, Esq , Gutride Safier LLP, 100 Pine St., Suite 1250, San Francisco, CA 94111, 415-336-6545

| DATE<br>*(Fecha)* | DEC 12 2017 | Clerk, by<br>*(Secretario)* | K. Ross | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*

3. ☒ on behalf of *(specify):* SHUTTERFLY, INC.

   under ☒ CCP 416.10 (corporation)    ☐ CCP 416 60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416 70 (conservatee)
   ☐ CCP 416 40 (association or partnership)    ☐ CCP 416 90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20 465
www.courtinfo ca gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Seth A. Safier (SBN 197427), Marie A. McCrary (SBN 262670)<br>Gutride Safier LLP, 100 Pine St., Suite 1250, San Francisco, CA 94111 | ENDORSED<br>FILED<br><br>2017 DEC 12 P 2: 44<br><br>CLERK OF THE COURT<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY_____DEPUTY<br>K. Ross |

TELEPHONE NO: 415-336-6545        FAX NO: 415-449-6469
ATTORNEY FOR *(Name)*: Megan Taylor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS: 191 N. First St.
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Taylor v. Shutterfly Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 17CV320338 |
| | | | | JUDGE |
| | | | | DEPT |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: five
5. This case [✓] is [ ] is not   a class action suit
6. If there are any known related cases, file and serve a notice of related case *(You may use form CM-015.)*

Date: December 11, 2017
Seth A. Safier
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FILED BY FAX

ENDORSED
FILED

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine St., Suite 1250
San Francisco, California 94111
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

2017 DEC 12  P 2: 44

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY K. Ross    DEPUTY

FILED BY FAX

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SANTA CLARA

| | |
|---|---|
| MEGAN TAYLOR, an individual on behalf of herself, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1 7 C V 3 2 0 3 3 8<br><br>UNLIMITED CIVIL CASE<br><br>CLASS ACTION COMPLAINT FOR FALSE ADVERTISING, VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; BREACH OF CONTRACT, FRAUD, DECEIT AND/OR MISREPRESENTATION; AND UNFAIR BUSINESS PRACTICES<br><br>JURY TRIAL DEMANDED |

-1-

Class Action Complaint

1    Megan Taylor, by and through her counsel, brings this Class Action Complaint against

2  Defendants, on behalf of herself and those similarly situated, for violations of sections 17500 *et*

3  *seq* of the California Business and Professions Code, violation of the California Consumers

4  Legal Remedies Act, breach of contract, fraud, deceit and/or misrepresentation, and violations of

5  sections 17200 *et seq* of the California Business and Professions Code  The following allegations

6  are based upon information and belief, including the investigation of Plaintiff's counsel, unless

7  stated otherwise

8                              **INTRODUCTION**

9    1    This case is about Defendants' misleading and deceptive advertisement of

10  promotional deals  Defendants advertised on the Groupon website that if a customer purchased

11  the advertised deal, the customer would receive a fixed dollar credit to be used to purchase

12  products on the Shutterfly website in the future  Defendants deceptively hid from consumers that

13  the Shutterfly Groupon deal that they were purchasing was not a credit but was merely a

14  promotional code that could not be combined with any other sales or promotions offered on the

15  Shutterfly website, including free shipping codes  As a result, the Defendants used the misleading

16  advertising to induce customers into purchasing Shutterfly Groupon deals, only to tell them

17  thereafter that the deal would be treated as a promotional code.

18                                **PARTIES**

19    2    Megan Taylor ("Plaintiff") is, and at all times alleged in this Class Action

20  Complaint was, an individual and a resident of Grayslake, Illinois

21    3    Defendant Shutterfly Inc  ("Shutterfly") is a Delaware corporation with its

22  headquarters and principal executive offices at 2800 Bridge Parkway, Redwood City, California

23  94065

24    4    The true names and capacities of Defendants sued as Does 1 through 50 inclusive

25  are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

26  section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend

27  this Class Action Complaint when said true names and capacities have been ascertained

28    5    The Parties identified in paragraphs 3 through 4 of this Class Action Complaint are

-1-

Class Action Complaint

1  collectively referred to hereafter as "Defendants"

2    6    At all times herein mentioned, each of the Defendants was the agent, servant,

3  representative, officer, director, partner or employee of each of the other Defendants and, in doing

4  the things herein alleged, was acting within the scope and course of her/her/its authority as such

5  agent, servant, representative, officer, director, partner or employee, and with the permission and

6  consent of each Defendant

7    7    At all times herein mentioned, each of the Defendants was a member of, and

8  engaged in, a joint venture, partnership and common enterprise, and acting within the course and

9  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

10    8    At all times herein mentioned, the acts and omissions of each of the Defendants

11  concurred and contributed to the various acts and omissions of each and all of the other

12  Defendants in proximately causing the injuries and damages as herein alleged

13    9    At all times herein mentioned, each of the Defendants ratified each and every act

14  or omission complained of herein  At all times herein mentioned, each of the Defendants aided

15  and abetted the acts and omissions of each and all of the other Defendants in proximately causing

16  the damages, and other injuries, as herein alleged

17  **JURISDICTION AND VENUE**

18    10    This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

19  and Professions Code, section 17200 *et seq*  Plaintiff and Defendants are "persons" within the

20  meaning of the California Business and Professions Code, section 17201

21    11    The injuries, damages and/or harm upon which this action is based, occurred or

22  arose out of activities engaged in by Defendants within, and affecting, the State of California

23    12    Defendants have engaged, and continue to engage, in substantial and continuous

24  business practices in the State of California, including in San Mateo County

25    13    Defendants maintain their corporate headquarters and principal place of business

26  in Redwood City, California  The actions described in this Complaint were taken in, or directed

27  by persons who work in, San Mateo County  A declaration compliant with California Civil Code

28  section 1780(c) is filed herewith

-2-

Class Action Complaint

14      Shutterfly provides Terms of Use on its website at the following address http //shutterflyinc com/terms html  The Terms of Use contain a choice of law and jurisdiction provision as follows  "These Terms are governed by and construed in accordance with the laws of the State of California, United States of America, without regards to its conflict of law provisions You agree to submit to the exclusive jurisdiction of any State or Federal court located <u>in the County of Santa Clara</u>, California, United States of America, and waive any jurisdictional, venue or inconvenient forum objections to such courts " (emphasis supplied )

15      In addition, the Terms of Use purport to require arbitration of all claims and to waive customers' rights to bring or participate in a class action. In particular, the Terms of Use state the following·

> If you are a Shutterfly customer in the United States (including its possessions and territories), you and Shutterfly agree that any dispute, claim or controversy arising out of or relating in any way to the Shutterfly service, these Terms of Use and this Arbitration Agreement, shall be determined by binding arbitration or in small claims court  Arbitration is more informal than a lawsuit in court  Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts  Arbitrators can award the same damages and relief that a court can award. You agree that, by agreeing to these Terms of Use, the U S  Federal Arbitration Act governs the interpretation and enforcement of this provision, and that you and Shutterfly are each waiving the right to a trial by jury or to participate in a class action    YOU AND SHUTTERFLY AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING  Further, unless both you and Shutterfly agree otherwise, the arbitrator may not consolidate more than one person's claims with your claims, and may not otherwise preside over any form of a representative or class proceeding  If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void  The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim

16      The waiver of the right to public injunctive relief in the Terms of Use is invalid under *McGill v  Citibank* (2017) 2 Cal  5th 945  Since the arbitrator "may not otherwise preside over any form of a representative or class proceeding," this provision is unenforceable and pursuant to the subsequent clause "the entirety of this arbitration provision shall be null and void "

17      Accordingly, this Court may exercise jurisdiction over this Action and venue is proper in this Court

## SUBSTANTIVE ALLEGATIONS

### Defendants Market, Advertise and Sell Photo Products

18      Shutterfly is a leading image publishing service  Shutterfly helps consumers turn photos into photo books, cards, photo gifts, personal websites, among other things

19      Shutterfly routinely offers its products on sale by providing consumers with promotional codes or discounts to reduce the price of its products or the shipping price  The sales terms offered on Shutterfly vary, but all require the use of promotional codes and shipping codes to obtain the advertised discounts on the item or service price or shipping costs  Shutterfly limits consumers to using one discount promotional code and one shipping code per order  For example, in the screenshot below, Shutterfly advertises a free shipping promotional code for orders of $49+ (in the upper left) and a promotional code to obtain a discount based on the total purchase price



(in the red bar and upper right)

### Defendants' Misleading Advertisement of the Shutterfly Groupon Deals

20      On or about November 15, 2017, Plaintiff received an email advertisement from Groupon, Inc  One of the deals advertised in the email was for "Photo Products from Shutterfly " Plaintiff clicked on the link and viewed the Shutterfly advertisement of the deal on the Groupon website ("the "Shutterfly Groupon Promotion")  The Shutterfly Groupon Promotion provided

1  customers with three options  "$10 for $20 to Spend at Shutterfly; $20 for $40 to Spend at

2  Shutterfly, $50 for $75 to Spend at Shutterfly " Plaintiff reviewed the advertisement and

3  reasonably believed that if she purchased the Shutterfly Groupon Promotion she would receive a

4  dollar credit to be used on the Shutterfly website in the future  At the time that Plaintiff reviewed

5  the Shutterfly Groupon Promotion, she had been planning to make a purchase of customized

6  holiday cards  Accordingly, Plaintiff decided, on the basis of and in reliance on Defendant's

7  advertising, to pay $50 to purchase the Shutterfly Groupon Promotion, which was advertised as

8  providing "$75 to spend at Shutterfly " Plaintiff reasonably believed that by purchasing the

9  Shutterfly Groupon Promotion, she would have a net savings of $25 when she finalized her

10  Shutterfly order, after taking advantage of any other Shutterfly promotion codes and shipping

11  codes available on the Shutterfly website

12       21    Nothing in the Shutterfly Groupon Promotion alerted Plaintiff, nor would anything

13  alert a reasonable consumer, that the Shutterfly Groupon Promotion would (1) not provide a

14  dollar credit or (2) not provide a net savings at Shutterfly equal to the difference between the

15  amount paid for the Groupon (in her case $50) and the amount that could be spent at Shutterfly

16  (in her case $75)  The "Fine Print" for the Shutterfly deal, which were available on the website

17  advertising the Shutterfly Groupon Promotion, stated the following

18      Promotional value expires Jan 31, 2018  Amount paid never expires. Limit 1 per
    account and/or billing address  Limit 1 per order  Valid only for option purchased
19      Online only  Minimum purchase required equal to the full offer value of the deal
    purchased  Shipping, handling, and tax not included  Not valid on Tiny Prints
20      products, personalized postage stamps, prepaid plans, gift certificates, cards sent
    using mailing services, PrintFix, Groovebook, prior purchases and orders place
21      for in-store pickup  Voucher is non-transferable  Must have or sign up for a
    Shutterfly account  Redemption code expires January 31, 2018  See full terms
22      Merchant is solely responsible to purchasers for the care and quality of the
    advertised goods and services
23
24  The words "full terms" were a link that opened another window on the Groupon website, which

25  provided as follows (hereinafter "Full Terms")

26      Promotional value expires January 31, 2018 (11 59 P M. PT). Offer is good for
    $20 off one qualifying merchandise order of $20+, or $40 off one qualifying
    merchandise order of $40+, or $75 off one qualifying merchandise order of $75+
27      (depending on the offer purchased and after select discounts and before taxes,
    shipping and handling) through shutterfly com, our mobile-friendly site or
28      Shutterfly app  This offer code can only be entered once  Limit one product or
    order discount code and one shipping code per order. Limit one per account

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and/or billing address  Minimum purchase required equal to the full offer value of the deal purchased. Taxes, shipping and handling will apply  Not valid on Tiny Prints products, personalized postage stamps, prepaid plans, gift certificates, cards sent using mailing services, PrintFix, Groovebook, prior purchases and orders place for in-store pickup  Cannot be redeemed for cash (unless required by law) or combined with select offers or credits  Not valid for resale  We reserve the right to modify or replace any part of these terms and conditions without notice  If you have not redeemed the offer by the expiration date, the offer will be good for a credit equal to the amount you paid for the offer (the "Paid Value")  The Paid Value will never expire until redeemed  The Paid Value may be used toward the purchase of a merchandise order of the Paid Value. The Paid Value may not be used on certain purchases

22      Defendants did not disclose in the Fine Print, Full Terms, or anywhere else available to Plaintiff prior to her purchase, that Plaintiff was purchasing a promotional code, rather than a dollar credit, gift card, coupon or other voucher with a $75 value to spend on shutterfly com  Indeed, the Full Terms expressly say that the $75 value was to be applied **after** other discounts  "Offer is good for    $75 off one qualifying merchandise order of $75+ (depending on the offer purchased **and after select discounts** and before taxes, shipping and handling    "  While the Full Terms say "Limit one product or order discount code and one shipping code per order," they do not say that the Shutterfly Groupon Promotion being purchased was a "product" nor do they say that the Shutterfly Groupon Promotion can *not* be used with any "product or order discount code" nor with any "shipping code "

23      On November 29, 2017, when Plaintiff attempted to use the Shutterfly Groupon Promotion that she purchased, she learned for the first time that she did not receive a dollar credit, gift card, coupon or other voucher with a $75 value as advertised, but instead she received a promotional code that could not be combined with any other sales or promotional codes offered on the Shutterfly website  Further, Plaintiff learned that she could not use the free shipping code that was available on the Shutterfly website for all orders exceeding $49, instead her order was eligible for free shipping only if it exceeded $124—or $49 plus the $75 discount  Plaintiff did not know or suspect until after she tried to use the Shutterfly Groupon Promotion that it was not a credit or that it could not be combined with any other promotional codes, discounts, or free shipping offers advertised on the Shutterfly website, nor would a reasonable consumer have so known or suspected

24      Defendants' advertisement of the Shutterfly Groupon Promotion should have

-6-

1  included a disclaimer such as the following "Good only towards full priced items Cannot be

2  combined with any other offers, promotions, or coupon codes Purchases made with this Groupon

3  will not be eligible for discounted or free shipping codes on shutterfly com unless the net total of

4  your order, after deducting the value of your Groupon and before shipping and taxes, is greater

5  than the minimum purchase requirement for use of the shipping code " Defendants' competitors

6  and other companies that advertise promotions on Groupon include similar disclaimers in their

7  Groupon deal advertisements For example, one such competitor is Vistaprint, an online photo

8  and printing company On November 13, 2014, Plaintiff purchased a Groupon deal for Vistaprint

9  The Groupon deal was advertised as "$27 for $70 Worth of Custom Printed Goods from

10  Vistaprint com " She paid $27 00 to obtain a $70 00 credit to use on the Vistaprint website The

11  Fine Print for the Vistaprint Groupon deal, which was available to Plaintiff prior to her purchase,

12  stated "Standard shipping rate apply   Voucher is non-transferrable  Cannot be combined with

13  any other offers, promotions, or coupon codes " As another example, on April 29, 2016, Plaintiff

14  purchased a Groupon deal for a $10 credit to use at Shari's Berries  The Fine Print for the Shari's

15  Berries deal, which was available to Plaintiff prior to her purchase, stated "Cannot be combined

16  with other promotions or discounts" in bold type

17       25      On December 1, 2017, Plaintiff purchased 85 holiday Christmas cards and three

18  photo prints using the promotional code that she received from the Shutterfly Groupon

19  Promotion  She was unable to benefit from the product discount advertised on the Shutterfly

20  website on that day, which provided for 50% off premium cards, hard cover photo books, and

21  select photo gifts, and 40% off everything else, because she could only apply one promotional

22  code to her order

23       26      Plaintiff has been a customer of Shutterfly since 2011 and she has placed at least

24  five orders a year since 2011  Plaintiff regularly uses promotional codes that are she receives

25  from Shutterfly via email or from Shutterfly's marketing partners, such as Kellogg's, to obtain a

26  discount on her order or to receive free merchandise (such as a calendar or photobook)  Plaintiff

27  has also been a customer of Groupon since 2010 and she has purchased over twenty-five Groupon

28  deals  Over half of the Groupon deals that Plaintiff purchased were for a dollar credit, gift card,

1 coupon or other voucher  Plaintiff desires to purchase Shutterfly Groupon deals in the future  So

2 long as Defendants continue to market promotions for a fixed dollar credit to be used to purchase

3 products on the Shutterfly website in the future, Plaintiff will have no way to determine whether

4 their representations are true  Without purchasing and attempting to use the Shutterfly

5 promotions, Plaintiff is unable to determine whether the promotions are for a dollar credit, gift

6 card, coupon or other voucher, or alternatively, are for a promotional code that cannot be

7 combined with any other promotions offered on the Shutterfly website. Thus, Plaintiff is likely to

8 be repeatedly presented with false or misleading information when shopping online and will be

9 unable to make informed decisions about whether to purchase a Shutterfly Groupon deal  She is

10 likely to be repeatedly misled by Defendants' conduct, unless and until Defendants are compelled

11 to ensure that their Shutterfly Groupon deals conform to their representations

12      27   According to the Groupon website, over 7,000 of the Shutterfly Groupon

13 Promotions were purchased in or around November 2017  Additionally, the advertisement that

14 misled Plaintiff was one of a series of similar promotions for Defendants' products on the

15 Groupon website that, except for the dates, purchase amounts, and credit amounts, had the same

16 misleading aspects  they did not make clear that the Groupon deal for Shutterfly photo products

17 was not for a dollar credit, gift card, coupon or other voucher but instead was for a promotional

18 code that could not be combined with any other promotional codes or discounts or free shipping

19 offers advertised on the Shutterfly website (collectively, the "Shutterfly Groupon deals")

20 **CLASS ALLEGATIONS**

21      28   Plaintiff brings this action against Defendants on behalf of herself and all others

22 similarly situated, as a class action pursuant to section 382 of the California Code of Civil

23 Procedure and section 1781 of the California Civil Code  Plaintiff seeks to represent a class of

24 similarly situated person as follows·

25     All persons who, between December 8, 2013 and the present, purchased in the
    United States a deal on the Groupon website for dollar amount towards a purchase
26     on the Shutterfly website

27     For purposes of this Class Action Complaint, the unmodified word "Class" and the phrase

28 "Class Members" shall refer collectively to all members of the Class, including the Plaintiff and

1  all members of the Class

2       29      This action has been brought and may properly be maintained as a class action

3  against the Defendants pursuant to the provisions of California Code of Civil Procedure section

4  382 because there is a well-defined community of interest in the litigation and the proposed class

5  is easily ascertainable

6       30      Numerosity  Plaintiff does not know the exact size of the Class, but it is estimated

7  that the Class is composed of more than 10,000 persons  The persons in the Class are so

8  numerous that the joinder of all such persons is impracticable and the disposition of their claims

9  in a class action rather than in individual actions will benefit the parties and the courts

10       31      Common Questions Predominate  This action involves common questions of law

11  and fact to the potential class because each Class Member's claim derives from the same unlawful

12  or unfair advertising  The common questions of law and fact predominate over individual

13  questions, as proof of a common or single set of facts will establish the right of each member of

14  the Class to recover  Among the questions of law and fact common to the class are

15       a)      Whether Defendants engaged in certain business practices, including the Shutterfly

16  Groupon Promotion and the similar Shutterfly Groupon deals, that were false, deceptive, illegal

17  or unfair,

18       b)      Whether Defendants engaged in the alleged conduct knowingly, recklessly, or

19  negligently,

20       c)      Whether Defendants' advertising and marketing regarding the Groupon Promotion

21  and the similar Shutterfly Groupon deals was likely to deceive Class Members or was unfair,

22       d)      Whether the alleged conduct by Defendants constitutes a breach of their implied-

23  in-fact contract(s) with Plaintiff and Class Members,

24       e)      Whether the arbitration provision in the Shutterfly Terms of Service should be

25  declared void,

26       f)      The amount of revenues and profits Defendants received and/or the amount of

27  monies or other obligations lost by Class Members as a result of such wrongdoing,

28       g)      Whether Class Members are entitled to injunctive and other equitable relief and, if

1  so, what is the nature of such relief, and

2      h)      Whether Class Members are entitled to payment of actual, incidental,

3  consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the

4  nature of such relief

5      32      Typicality· Plaintiff's claims are typical of the class because Plaintiff was deceived

6  and misled by Defendants' advertising of a dollar credit, gift card, coupon or other voucher on the

7  Groupon website which did not make clear that it was a promotional code that could not be

8  combined with any other sales or promotions offered on the Shutterfly website, including free

9  shipping code  The advertising is deceptive and misleading to reasonable consumers, including

10  Class Members, all of whom also purchased the Shutterfly Groupon Promotion or similar

11  Shutterfly Groupon deals. Thus, Plaintiff and Class Members sustained the same injuries and

12  damages arising out of Defendants' conduct in violation of the law  The injuries and damages of

13  each Class Member were caused directly by Defendants' wrongful conduct in violation of law as

14  alleged

15      33      Adequacy  Plaintiff will fairly and adequately protect the interests of all Class

16  Members because it is in her best interests to prosecute the claims alleged herein to obtain full

17  compensation due to her for the unfair and illegal conduct of which she complains. Plaintiff also

18  has no interests that conflict with or are antagonistic to the interests of Class Members. Plaintiff

19  has retained highly competent and experienced class action attorneys to represent her interests

20  and that of the class  No conflict of interest exists between Plaintiff and Class Members hereby,

21  because all questions of law and fact regarding liability of Defendants are common to Class

22  Members and predominate over any individual issues that may exist, such that by prevailing on

23  her own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members

24  Plaintiff and her counsel have the necessary financial resources to adequately and vigorously

25  litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to

26  the Class Members and are determined to diligently discharge those duties by vigorously seeking

27  the maximum possible recovery for Class Members

28      34      Superiority  There is no plain, speedy, or adequate remedy other than by

-10-

Class Action Complaint

1   maintenance of this class action  The prosecution of individual remedies by members of the class

2   will tend to establish inconsistent standards of conduct for the Defendants and result in the

3   impairment of Class Members' rights and the disposition of their interests through actions to

4   which they were not parties  Class action treatment will permit a large number of similarly

5   situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

6   and without the unnecessary duplication of effort and expense that numerous individual actions

7   world engender  Furthermore, as the damages suffered by each individual member of the class

8   may be relatively small, the expenses and burden of individual litigation would make it difficult

9   or impossible for individual members of the class to redress the wrongs done to them, while an

10  important public interest will be served by addressing the matter as a class action

11         35     Nexus to California  The State of California has a special interest in regulating the

12  affairs of corporations that are headquartered here and persons who live here  Defendants are

13  headquartered and have their principal place of business in Redwood City, California. Defendants

14  initiated the alleged conduct described herein in California, prepared the challenged advertising in

15  California, and then distributed those materials from California throughout the United States.

16  Accordingly, there is a substantial nexus between Defendants' unlawful behavior and California

17  such that the California courts should take cognizance of this action on behalf of a class of

18  individuals who reside throughout the United States

19         36     Plaintiff is unaware of any difficulties that are likely to be encountered in the

20  management of this action that would preclude its maintenance as a class action

21  **CAUSES OF ACTION**

22  **PLAINTIFF'S FIRST CAUSE OF ACTION**
**(False Advertising, Business and Professions Code § 17500, *et seq.*)**
23  **On Behalf of Herself and the Class**

24         37     Plaintiff realleges and incorporates by reference all of the paragraphs of this Class

25  Action Complaint as if set forth herein.

26         38     Beginning at an exact date unknown to Plaintiff, but within three (3) years

27  preceding the filing of the Class Action Complaint, Defendants have made untrue, false,

28  deceptive and or misleading statements in connection with the advertising and marketing of the

1  Shutterfly Groupon Promotion and the similar Shutterfly Groupon deals throughout the State of

2  California and the country

3          39      Defendants have made representations and statements that customers would

4  receive dollar credit, gift card, coupon or other voucher when they purchased a deal from the

5  Groupon website, without disclosing that by purchasing a Shutterfly Groupon deal, the customer

6  would receive a promotional code that could not be combined with any other promotions or sales,

7  including free shipping coupons  For example, Defendants made deceptive and misleading

8  statements in connection with the Shutterfly Groupon Promotion  Specifically, Defendants made

9  representations and statements that customers that paid $50 would receive $75 to spend on the

10  Shutterfly website without clearly disclosing that the customer would actually receive a

11  promotional code that could not be combined with any other promotions or sales, including free

12  shipping coupons  Defendants made similar representations and statements for each of the

13  Shutterfly Groupon deals

14          40      Plaintiff, and those similarly situated, relied, to their detriment, on Defendants'

15  false representations  For example, Plaintiff and Class Members relied, to their detriment, on

16  Defendants' false representations that they would receive a dollar credit, gift card, coupon or

17  other voucher when they purchased a Shutterfly deal from the Groupon website  Plaintiff and

18  Class Members were accordingly fraudulently induced into purchasing the Shutterfly Groupon

19  deal with the belief that in exchange, they would receive a dollar credit, gift card, coupon or other

20  voucher that could be combined with any other promotions or sales, including free shipping

21  coupons, offered on the Shutterfly website  Plaintiff and Class Members would not have

22  purchased the Shutterfly Groupon deal but for Defendants' false advertising  All Class Members

23  similarly relied on the advertising regarding the Shutterfly Groupon deal without being made

24  aware that the she or he would receive a promotional code that could not be combined with any

25  other promotions or sales, including free shipping coupons, and would not have purchased the

26  Shutterfly Groupon deal but for Defendants' false advertising

27          41      Defendants engaged in these false, misleading and deceptive advertising and

28  marketing practices to increase their profits. Accordingly, Defendants have engaged in false

1   advertising, as defined and prohibited by section 17500, *et seq* of the California Business and

2   Professions Code

3          42       The aforementioned practices, which Defendants have used, and continue to use,

4   to their significant financial gain, also constitute unlawful competition and provide an unlawful

5   advantage over Defendants' competitors as well as injury to the general public

6          43       As a direct and proximate result of such actions, Plaintiff and the other members of

7   the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property

8   as a result of such false, deceptive and misleading advertising in an amount which will be proven

9   at trial, but which is in excess of the jurisdictional minimum of this Court

10         44       Plaintiff seeks, on behalf of those similarly situated, full restitution of monies, as

11  necessary and according to proof, to restore any and all monies acquired by Defendants from

12  Plaintiff, the general public, or those similarly situated by means of the unfair and/or deceptive

13  trade practices complained of herein, plus interest thereon

14         45       Plaintiff seeks, on behalf of herself, those similarly situated, and the general

15  public, a declaration that the above-described practices constitute false, misleading and deceptive

16  advertising, and an injunction restraining Defendants from engaging in any such advertising and

17  marketing practices in the future  Such misconduct by Defendants, unless and until enjoined and

18  restrained by order of this Court, will continue to cause injury in fact to the general public and the

19  loss of money and property in that the Defendants will continue to violate the laws of California,

20  unless specifically ordered to comply with the same  This expectation of future violations will

21  require current and future customers to repeatedly and continuously seek legal redress in order to

22  recover monies paid to Defendants to which Defendants are not entitled. Plaintiff, those similarly

23  situated and/or other consumers nationwide have no other adequate remedy at law to ensure

24  future compliance with the California Business and Professions Code alleged to have been

25  violated herein

26                     **PLAINTIFF'S SECOND CAUSE OF ACTION**

27       **(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)**
         **On Behalf of Herself And The Class**

28         46       Plaintiff realleges and incorporates all of the paragraphs of this Class Action

1 Complaint as if set forth herein

2       47     This cause of action is brought pursuant to the California Consumers Legal

3 Remedies Act, California Civil Code § 1750, *et seq* ("CLRA")

4       48     Defendants' actions, representations and conduct have violated, and continue to

5 violate the CLRA, because they extend to transactions that are intended to result, or which have

6 resulted, in the sale or lease of goods or services to consumers

7       49     Plaintiff and other Class Members are "consumers" as that term is defined by the

8 CLRA in California Civil Code § 1761(d)

9       50     The provision of clothing and accessories, that Plaintiff (and others similarly

10 situated Class Members) purchased from Defendants were "goods" within the meaning of

11 California Civil Code § 1761

12       51     By engaging in the actions, representations and conduct set forth in this Class

13 Action Complaint, Defendants have violated, and continue to violate, §§ 1770(a)(9), (13), (14),

14 (16), (17), and (19) of the CLRA  Specifically, in violation of California Civil Code §1770(a)(9),

15 Defendants advertise goods or services with intent not to sell them as advertised  In violation of

16 California Civil Code §1770(a)(13), Defendants made false or misleading statements of fact

17 concerning reasons for, existence of, or amounts of price reductions  In violation of California

18 Civil Code §1770(a)(14), Defendants represented that a transaction confers or involves rights,

19 remedies or obligations which it did not have or involve, or which are prohibited by law  In

20 violation of California Civil Code §1770(a)(16), Defendants represented that the subject of a

21 transaction has been supplied in accordance with a previous representation when it has not  In

22 violation of California Civil Code §1770(a)(17), Defendants represented that the consumer will

23 receive a rebate, discount, or other economic benefit, when the earning of the benefit is

24 contingent on an event to occur subsequent to the consummation of the transaction. All these

25 statutes were violated because Defendants represented on the Groupon website that the Shutterfly

26 Groupon deal would provide customers with a credit to be used on the Shutterfly website in the

27 future when it did not  Defendants did not represent to consumer that the Shutterfly Groupon deal

28 would provide customers with a promotional code that could not be combined with any other

1  promotions or sales, including free shipping coupons  In violation of California Civil Code

2  §1770(a)(19), Defendants inserted an unconscionable provision into their Terms of Service,

3  namely their purported waiver of the right to seek public injunctive relief

4      52  Plaintiff seeks, on behalf of herself, those similarly situated, and the general

5  public, a declaration that the above-described practices constitute false, misleading and deceptive

6  advertising, and an injunction restraining Defendants from continuing to employ the unlawful

7  methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2)  If

8  Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and

9  the other members of the Class will continue to suffer harm.

10      53  CIVIL CODE § 1782 NOTICE  Plaintiff, on or about, December 8, 2017 provided

11  to Defendants notice and demand that within thirty (30) days from that date, Defendants correct,

12  repair, replace or otherwise rectify the unlawful, unfair, false and or deceptive practices

13  complained of herein

14      54  Should the violations herein alleged not be corrected, repaired, replace or rectified

15  as required by Civil Code § 1782 within 30 days with respect to all Class Members, Plaintiff will

16  seek to amend this Class Action Complaint to seek, on behalf of each Class Member, actual

17  damages of at least $1000, punitive damages, an award of $5000 for each Class Member who is a

18  disabled person or senior citizen, and restitution of any ill-gotten gains due to Defendants' acts

19  and practices

20      55  Plaintiff also requests that this Court award her costs and reasonable attorneys'

21  fees pursuant to California Civil Code § 1780(d)

22  **PLAINTIFF'S THIRD CAUSE OF ACTION**
**(Breach of Contract)**
23  **On Behalf of Herself And The Class**

24      56  Plaintiff realleges and incorporates by reference all of the paragraphs of this Class

25  Action Complaint as if set forth herein

26      57  Defendants, through their written advertising and marketing materials for the

27  Shutterfly Groupon Promotion and the similar Shutterfly Groupon deals, made uniform

28  representations and offers regarding its promotions, namely that if customers purchased the

1   Shutterfly Groupon deals they would receive would receive a dollar credit, gift card, coupon or

2   other voucher

3        58      Plaintiff accepted Defendants' offer and paid consideration of $50 for the

4   Shutterfly Groupon deal that she purchased  Specifically, on or about November 15, 2017,

5   Plaintiff entered into an contract with Defendants according to which she purchased $75 worth of

6   credit to use on the Shutterfly website in exchange for $50  She would not have made a $50

7   purchase but for Defendants' promise  Except for the dates, purchase amounts, and credit

8   amounts, Defendants entered into identical contractual agreements with the Class Members

9        59      Plaintiff, and those similarly situated, performed all their obligations under the

10  contracts  Specifically, they gave to Defendants money in exchange for a dollar credit, gift card,

11  coupon or other voucher offered on the Groupon website

12       60      Plaintiff, and those similarly situated, did not receive the benefit of their bargain

13  Specifically, instead of receiving a dollar credit, gift card, coupon or other voucher as promised,

14  Plaintiff received a promotional code that could not be combined with any other promotions or

15  sales, including free shipping coupons  As such Defendants breached the contract in which

16  Plaintiff, and those similarly situated, entered into with Defendants

17       61      Plaintiff, and those similarly situated, had a legal capacity to enter into the

18  aforementioned agreement(s)

19       62      As a direct and proximate result of the breaches set forth herein, Plaintiff, and

20  those similarly situated, have suffered, and continue to suffer, damages in an amount that will be

21  proven at trial, but which are in excess of the jurisdictional minimum of this Court.

22       63      Plaintiff seeks, on behalf of himself, those similarly situated, and the general

23  public, declaratory and injunctive relief against Defendants requiring specific performance of the

24  contract pursuant to Civil Code sections 3384 and 3386

25              **PLAINTIFF'S FOURTH CAUSE OF ACTION**
                **(Fraud, Deceit and/or Misrepresentation)**
26              **On Behalf of Herself and The Class**

27       64      Plaintiff realleges and incorporates by reference all of the paragraphs of this Class

28  Action Complaint as if set forth herein

65      On or about November 15, 2017, Defendants informed Plaintiff that she would receive a dollar credit, gift card, coupon or other voucher when she purchased a Shutterfly deal from the Groupon website  Except for the dates of the promise, the purchase amounts, and the credit amounts, Defendants made the identical representation to Class Members

66      At the time of the purchase of the Shutterfly Groupon deal by Plaintiff and other class members, Defendants failed to inform Plaintiff and the other class members that the customer would receive a promotional code that could not be combined with any other promotions or sales, including free shipping coupons  Because Defendants provided incomplete and misleading information about the terms of the Shutterfly Groupon deals and because Defendants had sole knowledge about how they would actually treat the Shutterfly Groupon deals when redeemed at Shutterfly, Defendants had a duty to provide this information, which was material to the decisions of Plaintiff and other class members as to whether to purchase the Shutterfly Groupon deal

67      In not so informing Plaintiff and other class members, Defendants breached their duty to them  Defendants also gained financially from, and as a result of, their breach

68      Plaintiff and the other Class members would have acted differently had Defendants not made these misrepresentations and omissions, by not purchasing the Shutterfly Groupon deal

69      By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment

70      Plaintiff and those similarly situated justifiably and reasonably relied on Defendants' misrepresentations, and, accordingly, were damaged by the Defendants

71      Defendants' conduct as described herein was willful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiff.

72      As a direct and proximate result of Defendants' misrepresentations, Plaintiff and those similarly situated have suffered damages in an amount equal to the amount that Defendants collected from them, or in the alternative suffered damages of at least the expected cash value of

1  the dollar credit, gift card, coupon or other voucher purchased on the Groupon website

2       73     Plaintiff seeks, on behalf of herself, those similarly situated, and the general

3  public, a declaration that the above-described practices constitute false, misleading and deceptive

4  advertising, and an injunction restraining Defendants from engaging in any such advertising and

5  marketing practices in the future. Such misconduct by Defendants, unless and until enjoined and

6  restrained by order of this Court, will continue to cause injury in fact to the general public and the

7  loss of money and property in that the Defendants will continue to violate the laws of California,

8  unless specifically ordered to comply with the same. This expectation of future violations will

9  require current and future customers to repeatedly and continuously seek legal redress in order to

10 recover monies paid to Defendants to which Defendants are not entitled. Plaintiff, those similarly

11 situated and/or other consumers nationwide have no other adequate remedy at law.

12                   **PLAINTIFF'S FIFTH CAUSE OF ACTION**

13 **(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200,**
                                     *et seq.*)

14                       **On Behalf of Herself and the Class**

15      74     Plaintiff realleges and incorporates by reference all of the paragraphs of this Class

16 Action Complaint as if set forth herein.

17      75     Within four (4) years preceding the filing of this Class Action Complaint, and at

18 all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful

19 and deceptive trade practices in California by engaging in the unfair and illegal business practices

20 outlined in this Class Action Complaint. In particular, Defendants have engaged, and continue to

21 engage, in unfair, unlawful and deceptive trade practices by, without limitation: marketing and

22 advertising that customers would receive dollar credit, gift card, coupon or other voucher when

23 they purchased a Shutterfly deal from the Groupon website, without disclosing that by purchasing

24 the Shutterfly Groupon deal, the customer would receive a promotional code that could not be

25 combined with any other promotions or sales, including free shipping coupons; including in their

26 Terms of Service an unconscionable and unenforceable waiver of the right to seek public

27 injunctive relief, and violating the False Advertising law and the CLRA as described herein.

28      76     Defendants engage in these unfair practices to increase their profits. Accordingly,

1   Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200,

2   *et seq* of the California Business and Professions Code.

3         77    The aforementioned practices, which Defendants have used, and continue to use,

4   to their significant financial gain, also constitute unlawful competition and provide an unlawful

5   advantage over Defendants' competitors as well as injury to the general public

6         78    Plaintiff, and those similarly situated, relied, to their detriment, on Defendants'

7   false, deceptive, unfair and illegal representations that they would receive would receive dollar

8   credit, gift card, coupon or other voucher when they purchased a deal from the Groupon website

9   Plaintiff and Class, for example, were induced into purchasing the Shutterfly Groupon deals with

10  the belief that in exchange, they would receive dollar credit, gift card, coupon or other voucher

11  that could be used in the future in combination with other sales or promotional codes offered on

12  the Shutterfly website including free shipping codes  Plaintiff and Class Members would not have

13  purchased the Shutterfly Groupon deal but for Defendants' deceptive, unfair, and unlawful

14  representations

15        79    On information and belief, Shutterfly has attempted to enforce the arbitration

16  provision against its customers, even though that provision is void under its own terms because it

17  includes an unconscionable and unenforceable waiver of public injunctive relief

18        80    As a direct and proximate result of such actions, Plaintiff and the other members

19  of the Class have suffered and continue to suffer injury in fact and have lost money and/or

20  property as a result of such deceptive, unfair and/or unlawful trade practices and unfair

21  competition in an amount which will be proven at trial, but which is in excess of the jurisdictional

22  minimum of this Court

23        81    Plaintiff seeks, on behalf of those similarly situated, full restitution of monies, as

24  necessary and according to proof, to restore any and all monies acquired by Defendants from

25  Plaintiff, the general public, or those similarly situated by means of the unfair and/or deceptive

26  trade practices complained of herein, plus interest thereon.

27        82    Plaintiff seeks, on behalf of herself, those similarly situated, and the general

28  public, a declaration that the above-described practices constitute false, misleading and deceptive

-19-

Class Action Complaint

1    advertising, and an injunction restraining Defendants from engaging in any such advertising and

2    marketing practices in the future  Such misconduct by Defendants, unless and until enjoined and

3    restrained by order of this Court, will continue to cause injury in fact to the general public and the

4    loss of money and property in that the Defendants will continue to violate the laws of California,

5    unless specifically ordered to comply with the same  This expectation of future violations will

6    require current and future customers to repeatedly and continuously seek legal redress in order to

7    recover monies paid to Defendants to which Defendants are not entitled  Plaintiff, those similarly

8    situated and/or other consumers nationwide have no other adequate remedy at law to ensure

9    future compliance with the California Business and Professions Code alleged to have been

10   violated herein

11   **PRAYER FOR RELIEF**

12   WHEREFORE, Plaintiff prays for judgment as follows

13        A    On Causes of Action Numbers 1 and 5 against Defendants and in favor of

14             Plaintiff and the other members of the Class

15             1    For restitution pursuant to, without limitation, the California Busi-

16                  ness & Professions Code §§ 17200, *et seq*  and 17500, *et seq* , and

17             2    For injunctive relief pursuant to, without limitation, the California

18                  Business & Professions Code §§ 17200, *et seq*  and 17500, *et seq* ,

19        B    On Cause of Action Number 2 against Defendants and in favor of Plaintiff

20             and the other members of the Class

21             1    For restitution and injunctive relief pursuant to California Civil

22                  Code section 1780, and

23             2    reserved,

24        C    On Cause of Action Number 3 against Defendants and in favor of Plaintiff

25             and the other members of the Class

26             1    For an award of compensatory damages, the amount of which is to

27                  be determined at trial, and

28             2    For injunctive relief requiring specific performance of the contract,

Class Action Complaint

D.    On Cause of Action Number 4 against Defendants and in favor of Plaintiff and the other members of the Class

    1    An award of compensatory damages, the amount of which is to be determined at trial,

    2    An award of punitive damages, the amount of which is to be determined at trial, and

    3    For declaratory and injunctive relief;

F     On all causes of action against Defendants and in favor of Plaintiff, Class Members and the general public.

    1    For reasonable attorneys' fees according to proof pursuant to, without limitation, the California Legal Remedies Act and California Code of Civil Procedure § 1021 5,

    2    For costs of suit incurred, and

    3    For such further relief as this Court may deem just and proper

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury

Dated: December 8, 2017        **GUTRIDE SAFIER LLP**

_Marie McCrary_

Adam J Gutride, Esq
Seth A Safier, Esq
Marie A McCrary, Esq.
100 Pine St., Suite 1250
San Francisco, California 94111

Attorneys for Plaintiff

-21-

**EXHIBIT A**

I, Megan Taylor, declare

1     I am the Plaintiff in this action   If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2     I submit this Declaration pursuant to California Code of Civil Procedure section 2215 5 and California Civil Code section 1780(d).

3.     I am a resident of Grayslake, Illinois. As set forth in my complaint, on November 15, 2017, I purchased the Shutterfly Groupon Promotion

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 7 day of December 2017. in Grayslake, Illinois

Megan Taylor

-1-

TAYLOR DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER _____

CASE NUMBER   1 7 C V 3 2 0 3 3 8

---

## PLEASE READ THIS ENTIRE FORM

---

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1   You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2   You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3   You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms: www.scscourt.org

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8*

---

*Your Case Management Judge is:* _____ **Theodore Zayner** *Department:* __06__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
   *Date:* _04 / 03 / 2018_   *Time:* _3:45pm_ in Department: __06__

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
   *Date:* _____   *Time:* _____ in Department _____

---

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful  The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement

**What is ADR?**
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation  Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms

**What are the advantages of choosing ADR instead of litigation?**
ADR can have a number of advantages over litigation

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation  Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation

**What are the main forms of ADR offered by the Court?**
 **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem  The mediator does not decide the solution to the dispute; the parties do

Mediation may be appropriate when
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome  The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans  The parties may use the neutral's evaluation to discuss settlement

Neutral evaluation may be appropriate when
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury  The arbitrator hears the evidence and arguments of the parties and then makes a written decision  The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal  In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time

Arbitration may be appropriate when
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices  A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations  The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer  There is no charge for this service

Civil Judge ADR may be appropriate when.
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR  This includes disputes involving business matters, civil rights, collections; corporations, construction, consumer protection, contracts, copyrights, defamation, disabilities, discrimination, employment, environmental problems, fraud, harassment, health care, housing, insurance, intellectual property, labor, landlord/tenant, media, medical malpractice and other professional negligence, neighborhood problems; partnerships, patents, personal injury, probate, product liability, property damage, real estate, securities; sports; trade secret, and wrongful death, among other matters

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784