UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEGAN TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHUTTERFLY, INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-00266-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS OR DENY CLASS CERTIFICATION**<br><br>[Re: ECF 63] |

Before the Court is Defendant Shutterfly, Inc.'s motion to strike class allegations or deny class certification. Defendant's Motion to Strike Class Allegations or Deny Class Certification ("Mot."), ECF 63. Specifically, Defendant moves to strike Plaintiff Megan Taylor's class definition[1] in paragraph 24 of the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(f). *See* Mot. In the alternative, Defendant moves for an order denying certification of Plaintiff's proposed class pursuant to Federal Rule of Civil Procedure 23(c)(1). *Id.* Plaintiff opposes the motion. Plaintiff's Opposition to Defendant's Motion to Strike Class Allegations or Deny Class Certification ("Opp'n"), ECF 66. This matter was previously deemed suitable for determination without oral argument. *See* ECF 70. For the reasons that follow, Defendant's motion is DENIED.

## I.　BACKGROUND

This action arises out of Plaintiff's purchase of one of Defendant's promotions on a third-party website owned by Groupon, Inc. ("Groupon"). *See generally* First Amended Class Action

---

[1] Plaintiff seeks to represent two classes, one titled as "Groupon Deal Class" and the other dubbed as "Public Injunctive Waiver Class". FAC ¶¶ 24, 25. Only the Groupon Deal Class is at issue in this Motion.

Complaint ("FAC"), ECF 62. Plaintiff alleges that the promotions Defendant sells on Groupon (the "Shutterfly Groupon Promotions") do not sufficiently disclose the restrictions applicable to them. *See id.* On or about November 15, 2017, Plaintiff purchased a Shutterfly Groupon Promotion which offered "$75 to spend at Shutterfly" for $50. FAC ¶ 15. Plaintiff claims that "[n]othing in the Shutterfly Groupon Promotion alerted Plaintiff, nor would anything alert a reasonable consumer, that the Shutterfly Groupon Promotion would (1) not provide a dollar credit or (2) not provide a net savings at Shutterfly equal to the difference between the amount paid for the Groupon (in her case $50) and the amount that could be spent at Shutterfly (in her case $75)." FAC ¶ 16. Indeed, "when Plaintiff attempted to use the Shutterfly Groupon Promotion that she purchased, she learned for the first time that she did not receive a dollar credit, gift card, coupon or other voucher with a $75 value as advertised, but instead she received a promotional code that could not be combined with any other sales or promotional codes offered on the Shutterfly website." FAC ¶ 18. According to the FAC, the Shutterfly Groupon Promotion should have included a disclaimer warning the purchasers that the promotion "cannot be combined with other offers, promotions, or coupon codes" – as other advertisements belonging to Defendant's competitors do. FAC ¶ 19.

Plaintiff seeks to represent a class of consumers pursuant to Federal Rules of Civil Procedure 23. FAC ¶ 24. Specifically, the "Groupon Deal Class" is defined as: "All persons who, between December 8, 2013 and the present, purchased in the United States a deal on the Groupon website for dollar amount towards a purchase on the Shutterfly website." FAC ¶ 24.

On November 15, 2019, Defendant filed the present motion to strike class allegations or deny class certification. *See* Mot.

## II. DISCUSSION

Defendant argues that Plaintiff's proposed "Groupon Deal Class" is "fatally overbroad" and must be stricken because "numerous Shutterfly Groupon deals" within the class period did, in fact, include disclaimers alerting the consumers that they "cannot be combined with any other offers or credits." Mot. at 5. Defendant points to Plaintiff's "admission" in the FAC that she would not have been misled, had the promotion she purchased included such a disclaimer. *Id.* (citing FAC ¶ 19). For support, Defendant sets forth examples of Shutterfly Groupon Promotions with such disclaimer

2

language in the exhibits attached to its Motion. *See* Declaration of Brain D. Berry ("Berry Decl."), ECF 63-1, Exh. 2-5, ECF 63-2 – 63-5 (collectively, "Berry Exhibits"). An example is reproduced below:

## Full Terms of Deal

Offer expires July 31, 2015 (11:59 P.M. PT). Offer is good for $40 off one qualifying merchandise order of $40 or more (after any other discounts and before taxes, shipping and handling) through shutterfly.com or our mobile-friendly site. Offer cannot be redeemed more than once per account and/or billing address. This particular offer code can only be redeemed once. Taxes, shipping and handling will apply. Not valid on personalized postage stamps, prepaid plans, gift certificates, Videograms, cards sent using mailing services, prior purchases, orders place for in-store pickup and purchases made on the Shutterfly apps. Valid for the intended recipient only. ==Cannot be redeemed for cash, unless required by law, or combined with other offers or credits.== Not valid for resale. If you have not redeemed the offer by the expiration date, the offer will be good for a credit equal to the amount you paid for the offer (the "Paid Value"). The Paid Value will never expire until redeemed. The Paid Value may be used toward the purchase of a merchandise order of the Paid Value. The Paid Value may not be used on certain purchases.

Berry Decl. Exh. 2, ECF 63-3 (highlighting added).

Consequently, in Defendant's view, Plaintiff's class definition includes uninjured consumers (*i.e.*, those who purchased deals that did include the disclaimer) and thus the Court should strike Plaintiff's proposed "Groupon Deal Class" or preemptively deny class certification. Mot. at 5. Plaintiff responds that Defendant's motion is "fundamentally flawed" because (1) Defendant relies on documents not properly incorporated by reference into the FAC and (2) the class can plausibly be certified under the facts alleged in the FAC and thus Defendant's pre-discovery motion is inappropriate at this stage. Opp'n at 1.

**A. Incorporation by Reference**

A district court generally may not consider any material beyond the pleadings in ruling on a Rule 12 motion. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). If "matters outside the pleading are presented to and not excluded by the court," the court must treat the motion as a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion

3

for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The incorporation by reference doctrine is "a judicially-created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This is to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions that weaken—or doom—their claims." *Id.* Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002 (quoting *Ritchie*, 342 F.3d at 907). However, if a document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id.* Further, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). The Ninth Circuit has instructed that "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.*

Here, Defendant argues that Plaintiff "references other Groupon deals" (*i.e.*, other than the one she purchased such as those depicted in the Berry Exhibits) in the FAC and because "the details and terms of these deals are explicitly incorporated by reference in the FAC," the Court can consider the Berry Exhibits in connection with the motion to strike. *See* Mot. at 4-5 (citing FAC ¶ 22). Plaintiff responds that the Court should decline to consider the Berry Exhibits because (1) the two promotions referenced in the Berry Exhibits are not specifically referenced in the FAC, "even if they may be part of the wider practice alleged by Plaintiff" and (2) the authenticity of the Berry Exhibits are in question. Opp'n at 5-6.

Courts may consider documents not physically attached to the complaint if (1) the plaintiff's complaint necessarily relies on them and (2) the documents' authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Berry Exhibits fail to satisfy either requirement.

First, the specific promotions portrayed in the Berry Exhibits are not mentioned (let alone, relied upon) in the FAC. Defendant argues that the Berry Exhibits are incorporated by reference in the FAC because "the FAC makes several broad pronouncements as to all of the relevant Shutterfly

4

Groupon deals." Reply at 5. Defendant cites to the FAC where Plaintiff mentions deals similar to the one she purchased. For example, Plaintiff alleges:

> Additionally, the advertisement that misled Plaintiff was one of a *series of similar promotions for Defendant's products on the Groupon website* that, except for the dates, purchase amounts, and credit amounts, had the same misleading aspects: they did not make clear that the Groupon deal for Shutterfly photo products was not for a dollar credit, gift card, coupon or other voucher but instead was for a promotional code that could not be combined with any other promotional codes or discounts or free shipping offers advertised on the Shutterfly website (collectively, the "Shutterfly Groupon deals").

FAC ¶ 22; *see also id*. ¶ 38 ("Defendant made similar representations and statements for each of the Shutterfly Groupon deals."). According to Defendant, Plaintiff "sufficiently incorporates [the Berry Exhibits] by reference." Reply at 5.

The Court is not persuaded. By Defendant's logic, Plaintiff has incorporated by reference every single Shutterfly Groupon Promotion without specifically mentioning any of them – other than the one Plaintiff purchased. This is not the law. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document."). In the FAC, Plaintiff makes allegations regarding Defendant's overall conduct with respect to its Groupon promotions – but does not rely on the specific promotions in Berry Exhibits. Thus, Berry Exhibits are not incorporate by reference in the FAC.

Second, the authenticity of the Berry Exhibits is disputed. The Berry Exhibits are purportedly examples of Shutterfly Groupon Promotions (and the associated "terms" of those promotions) allegedly shown to putative class members in 2015 and 2016. *See* Berry Decl. ¶¶ 2-5. Mr. Berry declares, however, that he accessed the publicly available hyperlinks in November 2019. *Id.* Accordingly, Plaintiff challenges that nothing in Mr. Berry's declaration establishes that the Berry Exhibits are true and correct copies of the promotions and disclosures as they appeared to class members in 2015 and 2016. Opp'n at 5. The Court finds Plaintiff's challenge reasonable. Because the authenticity of Berry Exhibits is subject to reasonable dispute, the Court declines to consider them.

For the foregoing reasons, the Court declines to take notice of the Berry Exhibits.

**B. Motion to Strike**

Defendant seeks an order striking Plaintiff's class allegations under Federal Rule of Civil Procedure 12(f). *See Mot*. at 1. Defendant argues that Plaintiff's class definition includes uninjured consumers who lack standing and thus her class allegations must be stricken. *Id.* at 5. To demonstrate that Plaintiff's proposed class includes uninjured consumers, Defendant relies on the Berry Exhibits. *Id.* at 6 (arguing that Plaintiff's "class definition includes deals that expressly state that they cannot be combined with other offers or credits") (citing Berry Exhibits).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . .. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.*

"There is a split in this District as to whether a motion to strike class action allegations may be entertained at the motion to dismiss stage." *Ogala v. Chevron Corp.*, No. 14–cv–173–SC, 2014 WL 4145408, at *2 (N.D. Cal. Aug. 21, 2014) (collecting cases). Even those courts that have considered such a motion early in the proceedings "have applied a very strict standard to motions to strike class allegations on the pleadings." *Id.* "Only if the court is convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed may the allegations be stricken." *Id.* (internal quotation marks and citation omitted). Thus,

even if a motion to strike class allegation is considered at the pleading stage, it may only be granted under "rare circumstances" where "the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014).

This is not one of those rare circumstances. First, Defendant's only basis for asserting that Plaintiff's proposed class includes uninjured customers is its reliance on the Berry Exhibits, which the Court declines to consider for the reasons stated earlier in this order. Second, given the dispute as to the authenticity of the Berry Exhibits and other factual disputes (*e.g.*, whether a reasonable consumer would have seen the additional disclosures (*see* Opp'n at 7)), the Court finds that Defendant's standing argument is not as clear-cut as Defendant would wish and thus is more appropriately addressed at class certification. *See Zheng-Lawson v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2018 WL 6592783, at *6 (N.D. Cal. Dec. 13, 2018).

Accordingly, the Court DENIES Defendant's motion to dismiss the class allegations in the FAC.

### C. Motion to Deny Class Certification

In the alternative, Defendant moves for an order denying certification of Plaintiff's proposed class pursuant to Rule 23(c)(1). *See* Mot. at 1. Defendant argues that the Court should preemptively deny Plaintiff's class certification at pleading stage because (1) Plaintiff's injury is not typical of other putative class members (*i.e.*, those who were not injured) and (2) Plaintiff is not an adequate class member because she has a "conflict of interest" with those class members who had no injury. Mot. at 7. To support these arguments, Defendant relies on the same Berry Exhibits. *Id.*

A defendant may file a motion to deny class certification before the close of fact discovery and before the pretrial motion deadline. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) ("Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification."). But such a motion is disfavored and may be denied as premature. *See Amey v. Cinemark USA Inc.*, No. 13-CV05669-WHO, 2014 WL 4417717, at *3–4 (N.D. Cal. Sept. 5, 2014). Although district courts "have broad discretion to control the class certification process," the Ninth Circuit has explained that "[t]he better and more advisable practice for a District Court to

7

1  follow is to afford the litigants an opportunity to present evidence as to whether a class action was
2  maintainable." *Vinole,* 571 F.3d at 942.

Although the Court can and did consider the Berry Declaration and Exhibits for the Rule 23 motion, the Court nonetheless finds Defendant's motion to deny class certification premature. As Plaintiff correctly notes, even if some members of the proposed class are found to be uninjured, there is no dispute at this stage that thousands of other consumers purchased deals similar to the one Plaintiff purchased. *See* Opp'n at 8 (citing FAC ¶ 22 ("According to the Groupon website, over 7,000 of the Shutterfly Groupon Promotions were purchased in or around November 2017.")). Accordingly, if discovery reveals that some Shutterfly Groupon Promotions should be removed from the class, Plaintiff (or the Court) can modify the class definition at class certification stage. In other words, at this stage of the proceedings, without the benefit of a developed record, the Court simply cannot conclude that Plaintiff will be unable to meet her burden under Rule 23.

Thus, the Court DENIES Defendant's motion to deny class certification as premature.

## III. ORDER

For the foregoing reasons, the Court DENIES Defendant's motion to strike class allegations or deny class certification at ECF 63.

**IT IS SO ORDERED.**

Dated: March 19, 2020

_____
BETH LABSON FREEMAN
United States District Judge