UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEGAN TAYLOR,<br>　　　　　Plaintiff,<br>　v.<br>SHUTTERFLY, INC.,<br>　　　　　Defendant. | Case No. 18-cv-00266-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ESI SEARCH TERMS**<br>Re: Dkt. No. 79 |

The parties ask the Court to resolve their dispute concerning the application of search terms/strings to defendant Shutterfly, Inc.'s ("Shutterfly") electronically stored information ("ESI"). Dkt. No. 79. The Court held a hearing on the matter on September 1, 2020.

As explained below and during the hearing, the Court requires Shutterfly to apply seven modified search strings to its collection, and requires the parties to confer further regarding modifications to the proposed search that uses the standalone term "Groupon."

I.　**BACKGROUND**

On behalf of a putative class of consumers, plaintiff Megan Taylor claims that Shutterfly placed misleading advertisements on Groupon's website. Specifically, Ms. Taylor contends that the advertisements offered a "fixed dollar credit" that could be used to purchase products on the Shutterfly website, when in fact, customers received only a promotional code that could not be combined with other discounts or promotions offered on the Shutterfly website, and that Shutterfly customers were induced by these misleading advertisements to purchase these Groupon deals. Dkt. No. 62 ¶¶ 15-19, 24.

The parties are currently engaged in discovery of Shutterfly's ESI and disagree about

which search terms or search strings should be applied to Shutterfly's ESI collection to limit what Shutterfly must review for production to Ms. Taylor. Ms. Taylor has agreed, without prejudice to a later request for broader searches, that Shutterfly may apply seven of the eight search strings (strings 1-3 and 5-8), as modified by Shutterfly and as reflected in Exhibit C to the parties' discovery dispute letter. *See* Dkt. No. 79-3 at 3; Dkt. No. 79 at 3. According to the parties, the application of these seven search strings yields 28,336 documents for review (before de-duplication). Dkt. No. 79 at 3, 6.

In addition to these searches, Ms. Taylor asks that Shutterfly apply the standalone search term "Groupon" to its ESI collection. *Id.* at 3-5. Shutterfly objects that application of that term is likely to yield an excessive number of irrelevant and non-responsive documents. *Id.* at 5-6. According to Shutterfly, application of the "Groupon" search term yields 21,705 unique documents for review in addition to the 28,336 documents hit by the seven other search strings. *Id.* at 8.

## II. DISCUSSION

The issues before the Court are whether application of the "Groupon" search term will yield documents that are relevant to a claim or defense in the case and whether the review Shutterfly will have to undertake of documents hit by that term to identify responsive documents is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Ms. Taylor argues that this case implicates over 65,000 potential class members and up to $6.5 million in potential restitution. Dkt. No. 79 at 4-5. She argues that discovery of how Shutterfly employees communicated internally and with customers about the Groupon promotions at issue is critical to the questions of whether the advertisements were misleading and whether Shutterfly intended to mislead. *Id.* Ms. Taylor disputes that only a small number of Shutterfly's Groupon promotions are at issue in the case, but she emphasizes that Shutterfly has resisted her efforts to obtain more information about the nature of the Groupon promotions Shutterfly offered. *Id.*

Shutterfly disputes Ms. Taylor's characterization of the potential value of the case. *Id.* at 8. In addition, Shutterfly says that it has advertised more than 200 hundred promotions on

2

Groupon's website during the period 2013-2018, only 14 of which involved the type of promotion that is the subject of Ms. Taylor's complaint. *Id.* at 5-6. Shutterfly argues that the seven agreed search strings are tailored to capture documents likely to be relevant and responsive, and that the additional documents that will be captured by a standalone "Groupon" search term are very unlikely to be relevant or responsive. *Id.* at 8. Shutterfly anticipates that it will cost $25,000 and more than a week of review time to review the 21,705 documents hit by the "Groupon" search term. *Id.*

Ms. Taylor has asked Shutterfly to produce a random sample of 25 documents from those hit by the "Groupon" search term so that the parties can evaluate Shutterfly's claim that that term produces an excessive number of irrelevant documents for review. *Id.* at 3, 7. Shutterfly objects to this proposal, even if the documents are provided under the terms of the protective order, because the documents are "commercially-sensitive" and Shutterfly suspects Ms. Taylor's counsel may use what they see as a basis for bringing other cases or expanding this case. *Id.* at 8.

The Court agrees with Shutterfly that the standalone "Groupon" term appears likely to hit an excessive number of irrelevant and non-responsive documents for review, and the effort to review these documents is not proportional to the needs of the case, particularly given the other searches Shutterfly has agreed to undertake. However, the Court finds that Shutterfly has not provided sufficient information to permit Ms. Taylor to propose an alternative search string that could limit the ESI collection for review. Ms. Taylor's random sample proposal may be a good way for her to obtain the information she requires.[1] However, the Court finds that a more targeted approach—i.e., the exchange of representative examples of non-responsive and responsive documents—is more likely to ensure that the parties have the information they need to resolve this search term dispute.

Accordingly, the Court orders as follows:

1. Shutterfly must begin producing to Ms. Taylor, on a rolling basis, the ESI responsive to

---

[1] The Court finds no basis to conclude that Ms. Taylor's counsel would use the documents provided from such random sample for an improper purpose.

the seven agreed search strings in Exhibit C to the discovery dispute letter.

2. From the collection of 21,705 unique "Groupon" documents, Shutterfly must provide to Ms. Taylor representative examples[2] of non-responsive documents that refer to Groupon deals other than the Groupon deals at issue in the case. These example documents may be designated under the protective order and may only be used for purposes of aiding the parties' discussion of search terms.

3. From the same collection of unique "Groupon" documents, Shutterfly must produce to Ms. Taylor representative examples of responsive documents that refer to the Groupon deals at issue in the case. If Shutterfly cannot efficiently locate responsive examples in this collection, it shall identify responsive examples from the ESI collection produced by application of the seven agreed search strings.

4. The parties must then confer regarding how the "Groupon" search term may be modified to limit the volume of non-responsive documents for review.

If the parties are unable to resolve their search term dispute, they may jointly file a supplemental discovery dispute letter with the Court.

**IT IS SO ORDERED.**

Dated: September 2, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court does not specify the number of representative examples Shutterfly must provide to Ms. Taylor; the parties should be able to agree on the number of examples that are necessary for their discussion.

4