UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC., and DOES 1-50,<br><br>Defendants. | CASE NO. 5:18-cv-00266-BLF<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Megan Taylor ("Plaintiff") has moved the Court for preliminary approval of a proposed class action settlement with Defendant Shutterfly, Inc. ("Defendant"), the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on [Date] ("Settlement Agreement"). The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

**RECITALS**

**A.     Procedural History**

This case concerns Defendant Shutterfly, Inc.'s ("Shutterfly" or "Defendant") advertising and selling of deals on Groupon.com that were sold between June 1, 2015 to April 30, 2018 (the "Class Period") for a price paid ("Paid Value") which could be redeemed at a greater dollar value ("Promotional Value") towards a purchase on Shutterfly's website within a set period of time (the "Shutterfly General Spend Groupons"). For example, the Groupon "$20 for $40 to Spend at Shutterfly" had a Paid Value of $20 and a Promotional Value of $40.

Plaintiff contends that Shutterfly failed to disclose to purchasers that they would receive a promotional code that could only be used toward full priced items and could not be combined with any other discounts offered on the Shutterfly website, including product discounts and free shipping, and included an unenforceable arbitration clause in its Terms of Use. Plaintiff alleged claims for violations of the California Consumer Legal Remedies Act, Civil Code § 1750, *et seq.*; false advertising under California Business and Professions Code § 17500, *et seq.*; breach of contract; and fraud, deceit, and/or misrepresentation, and seeking restitution, damages, an injunction and other relief. She sought to pursue these claims on behalf of herself and all persons who, between December 8, 2013 and the present, purchased in the United States a Shutterfly General Spend Groupon.

Defendant denies Plaintiff's allegations. It contends that the advertising of the Shutterfly General Spend Groupons is, and has always been, truthful and not misleading. Defendant therefore denies any liability, and denies that Plaintiff or any class members have suffered injury. Defendant further denies that this case meets the requirements for class certification under Fed. R. Civ. P. 23, except for purposes of settlement.

The history of this litigation is summarized in Part 1 of the Settlement Agreement. In brief, this case was filed on December 12, 2017 in California Superior Court, and Defendant removed the case to this Court on January 11, 2018. Defendant asked the Court to compel the Plaintiff to arbitrate her claims individually. Plaintiff opposed the motion by arguing, *inter alia*, that the arbitration provision was unenforceable. After the Court held that the issue of enforceability was for the arbitrator to decide, granted Defendant's motion to compel arbitration, and stayed the Litigation pending that the arbitrator's decision, Plaintiff initiated arbitration. Plaintiff successfully argued that the arbitrator should refuse to hear the arbitration because the agreement was unenforceable. The Court confirmed the arbitrator's decision. Defendant then moved to strike Plaintiff's class allegations or deny certification of the Class. The Court denied that motion. The Parties engaged in significant discovery, including written discovery requests to, responses from, and production of documents by, both parties.

On January 27, 2020, the Parties to this case participated in an all-day mediation conducted by the Honorable Richard Kramer (Ret'd) at JAMS in San Francisco, California. That mediation resulted in the Settlement that is the subject of this Order.

**B.    Summary of Settlement Terms**

The terms of the Settlement are summarized in the proposed Long Form Notice to Class Members, which is attached as Exhibit B1 to the Settlement Agreement. Under the proposed settlement, Class members who purchased a Shutterfly General Spend Groupon that was never redeemed are entitled to a Shipping Code for free shipping on a future purchase on the Shutterfly Website and a Promotional Code worth 110% of the original Promotional Value of the Shutterfly General Spend Groupon purchased. Class members who redeemed a Shutterfly General Spend Groupon are entitled to a Shipping Code for free shipping on a future purchase on the Shutterfly Website and a Promotional Code worth 20% of the original Promotional Value of the Shutterfly General Spend Groupon or at their option, a Cash Refund equal to 10% of the Promotional Value of the Groupon, plus 50% of the amount the Class Member paid Shutterfly for shipping in connection with the order in which the Groupon was redeemed. Cash Refunds are available only to Class members who file claims according to the instructions in the Long Form Notice, but the Shipping Code and Promotional Codes will be distributed to Class Members automatically without the need for a claim.

As part of the Settlement, Class Counsel may apply to this Court for an award of attorneys' fees and expenses of up to $350,000, as well as up to $5,000 as an Incentive Award to Plaintiff. Such amounts are not payable until eapproved by the Court, and the Court will defer any ruling on the appropriateness of such awards until the Final Approval Hearing.

**C.    Notice and Administration**

Class Notice is to be provided as described in the Settlement Agreement consistent with a notice plan designed by [IDENTIFY], the Claim Administrator, a well-known and experienced class action administrator. The Claim Administrator also will also receive and process Claim Forms and send Benefits Notice to Class Members who are entitled to receive a Shipping Code and Promotional Code. In brief, Class Notice will be provided via: (1) direct Email Notice to those

Class Members for whom an email address is available; (2) direct Postcard Notice mailed to those Class Members for whom a mailing address is available but an email address is not available; and (3) publication on a Settlement Website, located at www.shutterflypromosettlement.com.

All of the notices will link or point to the Settlement Website, which will contain a detailed class notice, including the procedures for class members to exclude themselves from the Settlement or object, as well as a copy of the Settlement Agreement and motion papers filed in connection with the Settlement.

**FINDINGS AND CONCLUSIONS**

The Court has read and considered the Motion and all of the supporting documents, including the Settlement Agreement and its Exhibits, including the proposed Class Notice. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement, authorizing dissemination of the Class Notice, and authorizing the steps needed to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed.

Accordingly, it is HEREBY ORDERED that:

1. The proposed Settlement Agreement, submitted with the Motion, is preliminarily approved as likely to be approved under Federal Rule of Civil Procedure ("Rule") 23(e)(2) and as meriting notice to the Class for its consideration. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

    a. Class Representatives and Class Counsel have adequately represented the Class.

    b. The Settlement was negotiated at arm's length with the assistance of a well-respected and experienced private mediator.

    c. The relief provided to the Class in the form of injunctive and monetary relief is adequate given the risks and uncertainty of trial.

    d. The proposed award of Attorneys' Fees and Costs is reasonable.

    e. The proposal treats all similarly situated Class Members equally relative to each other.

2. The Settlement also complies with the Northern District of California's Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

3. Based upon the submissions of the Parties, and for the purposes of this Settlement only, the Court conditionally makes the following findings:

   a. Members of the Class are so numerous as to make joinder impracticable.

   b. There are questions of law and fact common to the Class, and such questions predominate over any questions affecting only individual Class Members for purposes of the Settlement.

   c. Plaintiff's claims and the defenses thereto are typical of the claims of the Class Members and the defenses thereto for purposes of the Settlement.

   d. Plaintiff and her counsel have, and will continue to, fairly and adequately protect the interests of the Class Members in this action with respect to the Settlement.

   e. The proposed Settlement is superior to all other available methods for fairly and efficiently resolving this action.

4. Accordingly, for settlement purposes only, the Court conditionally certifies a Class comprised of all United States residents who, in the United States, during the Class Period, either (i) purchased a Shutterfly General Spend Groupon that was never redeemed; or, (ii) redeemed a Shutterfly General Spend Groupon. For avoidance of doubt, the Class includes purchasers of each of the following Shutterfly General Spend Groupons: GP4W, GP7C, GP7D, GP7E, GP7F, GP7G, GP7H, GP7T, GP7U, GP7V, GP7W, GP7X, GP7Y, GP7Z, GP8A, GP9A, GP9B, GP9C, GP9D, GP9E, GP9F, GP9G, GP9H, GP9J, GP9L, GP9N, GP9P, GPAG, GPAH, GPAL, GPAM, GPAN, GPAP, GPAQ, GPAR, GPAS, GPAT, GPA7, GPA8, GPA9, GPBA, GPBB, GPBV, GPBW, GPBX, GPBY, GPBZ, GPB8, GPB9, GPCA, GPCB, GPCC, GPCU, GPCV, GPCW, GPDA, GPDB, GPDC, GPDD, GPDE, GPDF, GPDG, GPDH, GPDJ, GPDQ, GPDR, GPDS, GPDT, and GPDU.

5. The Court finds it appropriate to establish the following exclusions from the Class: (a) the undersigned judge and any member of her immediate family; (b) the Honorable Magistrate

Virginia K. DeMarchi and any member of her immediate family; (c) any government entity; (d) Honorable Richard Kramer (Ret'd) and any member of his immediate family; (e) Defendant; (f) any entity in which Defendant has a controlling interest; (g) any of Defendant's parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (h) any person who timely opts out of the Settlement.

6.  The Court conditionally appoints Plaintiff Megan Taylor to serve as Class Representative for the Class.

7.  The Court conditionally appoints the law firm of Gutride Safier LLP to serve as Class Counsel.

8.  A Final Approval Hearing shall be held before this Court at [Time] on [Date], before the undersigned at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, in courtroom 3 on the Fifth Floor, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and a payment to the Class Representative should be approved. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court.

9.  The Court finds that the terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to members of the Class. This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that probable cause exists to disseminate Class Notice to the Class Members and hold a hearing on final approval of the proposed Settlement.

10. The Court appoints and designates [ADMINISTRATOR] as the Claim Administrator.

11. The Court approves, as to form and content, the Claim Form and the Class Notice, substantially similar to the forms attached as Exhibits [ ] to the Settlement Agreement. The Claim Form and the Notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23, and any other applicable law. The Parties shall have discretion to jointly make non-material minor

revisions to the Claim Form or the Class Notice. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement. The costs of providing Class Notice to the Class Members shall be borne by Defendant.

12. Defendant shall pay the Claim Administrator's reasonable costs associated with the administration of the Settlement, distribution of Class Notice pursuant to the Settlement Agreement, and any other tasks assigned to the Claim Administrator under the Settlement Agreement, by Defendant and the Class Representative's mutual written agreement, or as this Court may order up to $75,000.

13. Defendant shall provide a declaration attesting that it utilized reasonable efforts to provide accurate Class Member data (and a description of those efforts) to the Claim Administrator set forth herein and the Settlement Agreement not less than fourteen (14) days prior to the Final Approval Hearing.

14. The Claim Administrator shall provide a declaration attesting to its compliance with the Notice obligations set forth herein and the Settlement Agreement not less than fourteen (14) days prior to the Final Approval Hearing. The declaration shall include: the total number of Class Members; a sample copy of the Class Notice; the number of delivered and undeliverable Email Notices and Postcard Notices; the number of Class Members who submitted a Valid Claim; the number and names of Class Members who elected to opt out of the Class; and the number of Class Members who objected to the Settlement.

15. Any Class Member wishing to make a claim must submit a Claim Form to the Claim Administrator, pursuant to the instructions set forth in the Class Notice. Claim Forms to be mailed must be postmarked, and Claims Forms to be submitted online through the Settlement Website must be submitted, no later than [DATE].

16. Each Class Member who wishes to be excluded from the Settlement must submit to the Claim Administrator a written statement requesting exclusion from the Settlement. Such requests for exclusion must be made by submitting the online form on the Settlement Website or

by mailing a valid exclusion request by First Class U.S. Mail to the address specified in the Class Notice. Such requests for exclusion must be submitted online or postmarked on or before          . To be effective, the request for exclusion must:

    a. Include the Class Member's full name and address;

    b. Explicitly and unambiguously state his or her desire to be excluded from the Settlement such as including the statement that "I request to be excluded from the proposed class settlement in *Taylor v. Shutterfly, Inc.*, Case No. 5:18-cv-00266-BLF (N.D. Cal.);"; and

    c. Be individually and personally signed (or electronically signed) by the Class Member (if the Class Member is represented by counsel, it must also be signed by such counsel).

17. Any Class Member who fails to submit a timely and valid written request for exclusion consistent with this Order shall be deemed to be a member of the Class and as such shall be bound by all terms of the Settlement proceedings, orders, and judgments of this Court pertaining to the Class pursuant to the Settlement Agreement unless determined otherwise by the Court.

18. Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a good-faith evaluation if possible. Any uncertainties about whether a Class Member requested to exclude himself or herself from the Class will be resolved by the Court.

19. The Claim Administrator shall provide in writing to Defendant's Counsel and Class Counsel the names of those Class Members who have requested exclusion from the Settlement in a valid and timely manner within fifteen (15) days following the Objection/Exclusion Deadline, and Plaintiff's Counsel shall file that list with the Court, with service on Defendant's Counsel.

20. Any member of the Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement or any Final Approval Order, and shall have no standing to object to the Settlement or intervene in the

Litigation. Members of the Class who do not wish to be bound by a judgment in favor of or against the Class must exclude themselves from the Litigation.

21. Any Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement. Any Class Member (if the Class Member is represented by counsel, the objection additionally must be signed by such counsel) who intends to object to the Settlement or the Settlement Agreement (including Class Counsel's requested Attorneys' Fees and Expense application) must submit a written notice of objection to the Class Action Clerk for this Court by [DATE], which must be individually and personally signed by the Class Member, and must include:

    a. A reference to this case, *Taylor v. Shutterfly, Inc.*, Case No. 5:18-cv-00266-BLF, and the name of the presiding judge, the Hon. Beth Labson Freeman, United States District Court for the Northern District of California;

    b. The objecting Class Member's full name, address, and telephone number, and, if available, email address;

    c. An attestation that the objector is a member of the Class;

    d. A written statement of all grounds for the Objection, accompanied by any legal support for the Objection;

    e. Copies of any papers, briefs, or other documents upon which the Objection is based;

    f. The name, address, email address, and telephone number of any attorney representing the objector;

    g. A list of all cases in which the Class Member and/or his or her counsel filed or in any way participated—financially or otherwise—objecting to a class settlement in any court in the United States during the preceding five (5) years;

    h. If the Class Member or his or her counsel has not objected to any other class settlement in any court in the United States in the previous five (5) years, he or she shall affirmatively state; and

    i. A statement indicating whether the objector and/or his or her counsel intends to appear at the Final Approval Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the Objection.

22. Objecting Class Members or their counsel who wish to appear at the Final Approval Hearing must make such request by filing with the Court and serving upon Class Counsel and

Defendant's Counsel at the following addresses a Notice of Intention to Appear at least fourteen (14) days prior to the Final Approval Hearing:

Class Counsel

Marie McCrary
Gutride Safier LLP
100 Pine St., Suite 1250
San Francisco, California 94111

Defendant's Counsel

Brian D. Berry
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111

Plaintiff shall file any reply in support of Final Approval and for any award of attorneys' fees, costs and a class representative payment (including responses to any timely and valid objection to the Settlement Agreement) no later than seven (7) days prior to the Final Approval Hearing. Such materials shall be served on Class Counsel, Defendant's Counsel, and on any member of the Class (or his or her counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond and must be posted to the Settlement Website within one day of filing.

23. Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, whether an award of Attorneys' Fees and Expenses of up to $350,000 should be awarded to Class Counsel, and whether an Incentive Award of up to $5,000 should be awarded to Plaintiff.

24. If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment memorializing its decision in the form contemplated by Exhibit [ ] of the Settlement Agreement. The Court will also issue an Order awarding reasonable fees and expenses to Class Counsel in an amount determined by the Court but in no event more than $350,000.

25. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

26. Pending final determination of whether the Settlement should be approved, Plaintiff and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or proceeding, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties, provided that this injunction shall not apply to the claims of Class members who have timely and validly requested to be excluded from the Class. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court, authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

27. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy, in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

Dated: _____ _____, 2021

_____
Hon. Beth Labson Freeman
U.S. District Judge